10-2130-ag
Sherpa v. Holder

BIA
A093 408 699
A093 408 700
A093 408 701

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand eleven.

PRESENT:
>JON O. NEWMAN,
>JOSÉ A. CABRANES,
>RAYMOND J. LOHIER, JR.,
>>*Circuit Judges.*

_____

MINGMA DORJE SHERPA, PUNAM SHERPA,
DAWA LHAMU SHERPA,
>*Petitioners,*

>v.                                                    10-2130-ag
>                                                      NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
>*Respondent.*

_____

FOR PETITIONER:      Khagendra Gharti Chhetry, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Michelle G. Latour, Assistant Direc-

tor; Michele Y. F. Sarko, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Mingma Dorje Sherpa, Punam Sherpa, and Dawa Lhamu Sherpa, citizens of Nepal, seek review of a May 4, 2010, order of the BIA denying their motion to reopen their removal proceedings. *In re Mingma Dorje Sherpa*, Nos. A093 408 699/700/701 (B.I.A. May 4, 2010). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Here, the BIA did not abuse its discretion in finding that Mingma Dorje Sherpa did not establish his *prima facie* eligibility for relief under the Convention Against Torture as it reasonably gave little weight to his evidence in light of the agency's prior adverse credibility determination. *Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-47 (2d Cir.2007) (finding that the BIA may decline to accord probative weight to documents submitted with a motion to reopen where the

-2-

agency previously determined that the applicant was not credible); *Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence.").

Moreover, contrary to the petitioners' contention, the BIA reasonably found that they did not independently establish the reliability of their supporting documents as the only foundation for the letters was the affidavit of Mingma Dorje Sherpa-who had been previously found incredible. *See Qin Wen Zheng*, 500 F.3d at 147 (noting that a prior adverse credibility determination can undermine a motion to reopen, particularly when the evidence submitted in support of the motion does not bear independent indicia of authenticity and thus hinges on the applicant's credibility). Accordingly, the BIA did not abuse its discretion by denying the petitioners' motion. *See id*.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition

is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk